**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Joseph D. Thornblad, Case No.: 13cv3126 (JNE/SER)

Petitioner,

v. **REPORT AND RECOMMENDATION**

Commissioner of Human Services,

Respondent.

Petitioner applied for a writ of habeas corpus under 28 U.S.C. § 2254 and the case was referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. (Docket No. 1.)[1] For the reasons discussed below, the Court recommends that this action be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2]

## I. BACKGROUND

Petitioner is a patient at the St. Peter Regional Treatment Center in St. Peter, Minnesota. He is being detained there pursuant to a civil commitment order that was entered in 1996 in the state district court for Renville County, Minnesota. (Petition, p. 1, §§ 1-5; *see also In re Thornblad*, No. C0-96-1793, (Minn.App. 1996), 1996 WL 745221 at *1 (unpublished opinion).) Petitioner seeks a writ of habeas corpus that would release him from custody. His current petition

[1] The Court notes that Petitioner did not tender the $5.00 filing fee that is required for a federal habeas corpus petition, nor did he apply for leave to proceed *in forma pauperis*, ("IFP"). Ordinarily, the Court would require the fee issue to be resolved before allowing this case to proceed. However, it is readily apparent that this case will have to be summarily dismissed for the reasons discussed below, so the fee issue will presently be overlooked.

[2] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

presents a single five-word claim: "Im [sic] innocent of all charges." (Petition, p. 5, § 12.)

Petitioner's first federal habeas corpus petition challenging the order that caused him to be civilly committed under Minnesota law was filed in this District in 2005. That action was summarily dismissed, because Petitioner did not present any federal constitutional grounds for challenging his civil commitment. *See Thornblad v. Goodno*, Civil No. 05-1753 (RHK/SRN), (D.Minn. 2005), 2005 WL 2230410, hereafter "*Thornblad I*"].

In 2009, a second federal habeas corpus petition was filed and Petitioner again challenged his 1996 Renville County civil commitment order. *Thornblad v. Vue-Benson*, Civil No. 09-439 (JNE/SRN) [hereafter "*Thornblad II*"]. That case was also summarily dismissed for lack of jurisdiction, because the Eighth Circuit Court of Appeals had not granted Petitioner a pre-authorization order allowing him to file a "second or successive" habeas corpus petition, as required by 28 U.S.C. § 2244(b). (*Thornblad II*, Order dated March 16, 2009, [Docket No. 7], reported at 2009 WL 703928.) Petitioner's appeal from that ruling was dismissed. (*Thornblad II*, Docket No. 19.)

In 2010, a third federal habeas corpus petition was filed challenging the 1996 civil commitment order, and that case also was summarily dismissed for lack of jurisdiction. *Thornblad v. Ludeman*, Civil No. 10-4154 (JNE/SER), [hereafter "*Thornblad III*"]. Petitioner's subsequent appeal was dismissed. (*See Thornblad III*, Docket No. 23.)

Here, Petitioner is again seeking federal habeas corpus review of his 1996 state civil commitment order. As noted above, the current petition does not offer any specific factual or legal grounds that supposedly warrant the issuance of a writ of habeas corpus; Petitioner merely proclaims that he is "innocent."

Because Petitioner's present habeas corpus petition challenges the same state court order

that was before the Court in *Thornblad I*, (i.e, the 1996 Renville County civil commitment order), and Petitioner still has not obtained a pre-authorization order from the Eighth Circuit Court of Appeals, this action must also be summarily dismissed for lack of jurisdiction – just as in *Thornblad II* and *Thornblad III*.

## II. DISCUSSION

The federal rule restricting second or successive habeas corpus petitions is set forth at 28 U.S.C. § 2244(b).[3] Under that rule, a district court cannot entertain a second or successive

---

[3] 28 U.S.C. § 2244(b) provides as follows:

> "**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
> > **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> > **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> **(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
> **(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
> **(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
> **(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

application for habeas corpus relief filed by an individual in state custody, unless that individual has first obtained a pre-authorization order from the appropriate federal court of appeals, which allows him to file a new petition. 28 U.S.C. § 2244(b)(3)(A). *See Cox v. Norris*, 167 F.3d 1211, 1212 (8th Cir. 1999) (inmate must receive pre-authorization from the Court of Appeals in order for a district court to consider a second or successive application for habeas corpus relief).

Petitioner previously sought federal habeas review of his 1996 civil commitment order in *Thornblad I*. That case was dismissed, because Petitioner failed to state an actionable claim for relief. Therefore, Petitioner cannot challenge his 1996 civil commitment order in a new federal habeas case, unless pre-authorized from the Eighth Circuit Court of Appeals, as required by § 2244(b). *See Burton v. Stewart*, 549 U.S. 147, 153, (2007) (where habeas petitioner "twice brought claims contesting the same custody imposed by the same judgment of a state court... he was required to receive authorization from the Court of Appeals before filing his second challenge" in a second habeas petition). Because Petitioner has not obtained the required pre-authorization order, his current petition must be summarily dismissed for lack of jurisdiction – just as in *Thornblad II* and *Thornblad III*. *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996); *Chadwick v. Graves*, 110 F.Supp.2d 1110, 1114, (N.D.Iowa 2000); *Wainright v. Norris*, 958 F.Supp. 426, 431-32 (E.D.Ark. 1996). *See also Tompkins v. Secretary, Dept. of Corrections*, 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district court to dismiss for

---

**(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

**(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."

lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), *cert. denied*, 555 U.S. 1161 (2009).[4]

In sum, this federal District Court cannot entertain another habeas corpus petition challenging Petitioner's civil commitment order, unless he first seeks and obtains a pre-authorization order from the Eighth Circuit Court of Appeals. Petitioner is reminded once more, just as he was reminded in *Thornblad II* and *Thornblad III*: **The United States District Court for the District of Minnesota cannot entertain any habeas corpus petition challenging Petitioner's civil commitment order, unless the Eighth Circuit Court of Appeals first grants him permission to file a new petition**.

## III. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, it is certain that no other court, including the Eighth Circuit Court of Appeals,

---

[4] Although this action must be summarily dismissed for lack of jurisdiction, the Court notes that the action could not succeed in any event, because it is clearly barred by the one-year statute of limitations that applies to federal habeas corpus petitions. 28 U.S.C. § 2244(d). Furthermore, Petitioner has not offered any factual or legal grounds to support his current request for a writ of habeas corpus. He certainly has not presented a claim that could warrant relief under the stringent standards imposed by 28 U.S.C. § 2254(d). Therefore, if the District Court did have jurisdiction in this matter, the current petition would undoubtedly be dismissed.

would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should **not** be granted a COA in this matter.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (Docket No. 1), be **DENIED**;

2. This action be summarily **DISMISSED FOR LACK OF JURISDICTION**; and

3. Petitioner should **NOT** be granted a Certificate of Appealability.

Dated: January 2, 2014

*s/Steven E Rau*
Steven E. Rau
U.S. Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 17, 2014,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.